IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

|  |  |  |
|---|---|---|
| SONY ERICSSON MOBILE COMMUNICATIONS AB, et al. | ) ) ) ) |  |
| Plaintiffs, | ) ) |  |
| v. | ) ) | Civil No. 1:11-cv-00048 (CMH)(TCB) |
| CLEARWIRE CORPORATION, et al. | ) ) ) |  |
| Defendants. | ) ) ) |  |

**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM**

Defendants Clearwire Corporation and Clearwire Communications LLC ("Clearwire"), by undersigned counsel, respectfully submit their Answer to the Amended Complaint (the "Amended Complaint") filed by Plaintiffs Sony Ericsson Mobile Communications AB and Sony Ericsson Mobile (USA), Inc. (collectively "SE"), along with Clearwire's Affirmative Defenses and Counterclaim. All allegations not specifically admitted are denied.

**AS TO "INTRODUCTION"**

1. Clearwire admits that the Amended Complaint purports to assert claims for trademark infringement, copyright infringement, and breach of contract, but denies the factual and legal sufficiency of those claims and demands strict proof thereof.

2. Clearwire lacks sufficient information to admit or deny the allegations of Paragraph 2 and therefore denies the allegations of Paragraph 2.

3. Clearwire admits that it is a leading provider of wireless broadband services to businesses and consumers and that since 2004 it has been in the business of selling a unique suite

of high speed, wireless broadband Internet services.  Clearwire denies the remaining allegations of Paragraph 3.

    4.    Denied.

    5.    Denied.

    6.    Denied.

    7.    Denied.

    8.    Denied.

    9.    Clearwire lacks sufficient information to admit or deny the allegations of Paragraph 9 and therefore denies the allegations of Paragraph 9.

    10.    Denied.

    11.    Denied.

## AS TO "JURISDICTION AND VENUE"

    12.    Admitted.

    13.    Clearwire admits that it is subject to the personal jurisdiction of this Court and that it has corporate offices at 593 Herndon Parkway, Herndon, VA 20170.  Clearwire denies the remaining allegations of Paragraph 13.

    14.    Admitted.

## AS TO "PARTIES"

    15.    Clearwire lacks sufficient information to admit or deny the allegations of Paragraph 15 and therefore denies the allegations of Paragraph 15.

    16.    Clearwire lacks sufficient information to admit or deny the allegations of Paragraph 16 and therefore denies the allegations of Paragraph 16.

17.     Clearwire admits that Clearwire Corporation is a publicly traded company, and that Sprint Nextel Corporation and Intel Corporation are each publicly traded companies that, through subsidiaries, own 10% or more of the stock of Clearwire Corporation.

18.     Clearwire admits the first two sentences of Paragraph 18 but denies the third sentence of Paragraph 18 and denies that Clearwire has plans to sell smartphones.

19.     Clearwire admits that Clearwire Communications LLC is owned by Sprint HoldCo LLC, Clearwire Corporation, Comcast Corporation, Time Warner Cable Inc., Bright House Networks, Eagle River Investments LLC, and Intel Corporation.

## AS TO "RELEVANT TECHNOLOGY AND MARKETS"

20.     Clearwire denies that cellular telephones provide only voice service, and further denies that smartphones are now commonplace. Clearwire admits the remaining allegations in Paragraph 20.

21.     Admitted.

22.     Denied.

23.     Admitted.

24.     Admitted.

25.     Denied.

26.     Clearwire lacks sufficient information to admit or deny the allegations of Paragraph 26 and therefore denies the allegations of Paragraph 26.

27.     Clearwire lacks sufficient information to admit or deny the allegations of Paragraph 27 and therefore denies the allegations of Paragraph 27.

28. Clearwire admits that it operates a 4G network in the United States, providing mobile broadband goods and services to 71 markets covering over 100 million people throughout the country.

29. Clearwire denies the allegations in the first sentence of Paragraph 29. Clearwire further states that the quarterly reports speak for themselves, and Clearwire denies any characterization inconsistent therewith. Clearwire denies "boasting" the earnings alleged.

30. Denied.

31. Clearwire admits that it sells its products and services online and through brick-and-mortar stores, and admits that it operates its own stores and sells products and services through consumer electronics retailers such as Radio Shack and Best Buy. Clearwire lacks sufficient information to admit or deny the allegations in Paragraph 31 regarding SE's sales and operations, and denies the remaining allegations of Paragraph 31.

32. Denied.

33. Clearwire lacks sufficient information to admit or deny the allegations of Paragraph 33 and therefore denies the allegations of Paragraph 33. Clearwire admits that SE attached registrations as Exhibit A to the Amended Complaint.

34. Clearwire admits that SE attached registrations as Exhibit B to the Amended Complaint, but denies the remaining allegations in Paragraph 34.

35. Clearwire lacks sufficient information to admit or deny the allegations of Paragraph 35 and therefore denies the allegations of Paragraph 35.

36. Clearwire lacks sufficient information to admit or deny the allegations of Paragraph 36 and therefore denies the allegations of Paragraph 36.

37. Denied.

38. Denied.

39. Clearwire lacks sufficient information to admit or deny the allegations of Paragraph 39 and therefore denies the allegations of Paragraph 39. Clearwire denies any infringement.

40. Denied.

41. Denied.

42. Clearwire admits the allegations in the first sentence of Paragraph 42. Clearwire denies the remaining allegations of Paragraph 42.

43. Clearwire admits that a press release was issued on or about May 5, 2010, but denies the remaining allegations of Paragraph 43. Clearwire states that the press release speaks for itself.

44. Denied.

45. Clearwire admits that the parties had settlement discussions between July and December 2010. Clearwire denies the remaining allegations of Paragraph 45.

46. Denied.

47. Denied. Clearwire admits that an agreement dated December 3, 2010, is attached as Exhibit C to the Amended Complaint.

48. Denied.

49. Denied.

50. Denied. Clearwire states that the document speaks for itself.

51. Clearwire admits that SE withdrew certain opposition proceedings but denies the remaining allegations of Paragraph 51.

52. Denied. Clearwire states that the document speaks for itself.

53. Denied.

54. Denied.

55. Denied.

### AS TO "COUNT I
### LANHAM ACT
### TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1114)"

56. Clearwire incorporates its responses to paragraphs 1 through 56 as if specifically set forth herein.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

### AS TO "COUNT II
### LANHAM ACT
### UNFAIR COMPETION
### (15 U.S.C. § 1125(a))"

68. Clearwire incorporates its responses to paragraphs 1 through 67 as if specifically set forth herein.

6

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

33. [sic]  Denied.

78. Denied.

**AS TO "COUNT III**
**GEORGIA UNIFORM DECEPTIVE TRADE PRACTICES ACT/**
**STATUTORY AND COMMON LAW**
**UNFAIR COMPETITION"**

79. Clearwire incorporates its responses to paragraphs 1 through 78 as if specifically set forth herein.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

## AS TO "COUNT IV
## COPYRIGHT INFRINGEMENT
## (17 U.S.C. §§ 101 et seq.)"

90. Clearwire incorporates its responses to paragraphs 1 through 89 as if specifically set forth herein.

91. Clearwire lacks sufficient information to admit or deny the allegations in Paragraph 91 and therefore denies the allegations of Paragraph 91.

92. Clearwire lacks sufficient information to admit or deny the allegations in Paragraph 92 and therefore denies the allegations of Paragraph 92.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Clearwire avers that Paragraph 101 states an alleged claim of relief to which no response is required.  Clearwire denies that SE is entitled to actual damages, statutory damages, costs or attorneys' fees.

## AS TO "COUNT V
## BREACH OF CONTRACT"

102. Clearwire incorporates its responses to paragraphs 1 through 101 as if specifically set forth herein.

103. Clearwire admits that the parties entered into an interim, legally binding settlement agreement.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

## AFFIRMATIVE DEFENSES

A. Plaintiffs' claims are barred in whole or in part because the interests asserted by Plaintiffs do not constitute protectable interests as a matter of law.

B. Any dispute between the parties is not ripe for adjudication.

C. Plaintiffs' claims are barred in whole or in part because Plaintiffs lacks standing to assert them.

D. Plaintiffs' claims are barred in whole or in part by the doctrine of laches.

E. Plaintiffs' claims are barred in whole or in part because any agreement terminated.

F. Plaintiffs' claims are barred in whole or in part by the occurrence of conditions subsequent.

G. Plaintiffs' claims are barred in whole or in part because Clearwire has complied with any contractual conditions.

H. Plaintiffs' claims are barred in whole or in part because the alleged conduct of Clearwire was not a proximate cause of the loss or damage, if any, to Plaintiffs.

I. Plaintiffs' claims are barred in whole or in part because Plaintiffs' injuries, if any, were caused in whole or in part by Plaintiffs' own culpable conduct.

J. Plaintiffs' claims are barred in whole or in part because Clearwire acted in good faith and in accordance with reasonable commercial standards.

K. Plaintiffs' claims are barred in whole or in part due to waiver and/or estoppel.

L. Plaintiffs' claims are barred in whole or in part by Plaintiffs' acquiescence.

M. Plaintiffs' claims are barred in whole or in part because Plaintiffs have sustained no actual damages.

N. Plaintiffs' claims are barred in whole or in part by their failure to mitigate their damages.

O. Clearwire reserves the right to rely on any other defenses as they may become available during the course of this case and hereby reserves the right to assert any such defenses.

## COUNTERCLAIM

Defendants/Counterclaimants Clearwire Corporation and Clearwire Communications LLC (collectively, "Clearwire"), by undersigned counsel, file their Counterclaim against Plaintiffs/Counterclaim-Defendants Sony Ericsson Mobile Communications AB and Sony Ericsson Mobile (USA), Inc. (collectively "SE"), and allege as follows:

1. This Court has jurisdiction over the Counterclaim pursuant to 28 U.S.C. § 1331.

2. Clearwire is a leading provider of wireless broadband services to businesses and consumers. Since 2004, Clearwire has been in the business of selling a unique suite of high speed, wireless broadband Internet services. Today, from its nationwide network built for robust

data speed, it provides super fast, "take-it-with-you" internet. Clearwire's vast spectrum holding enables it to provide service that is fast and less costly than its competitors in the mobile carrier space.

3. Clearwire's 4G network of next generation wireless broadband communications is currently available in over 70 metropolitan markets across the U.S. where over 100 million people live, and Clearwire continues to expand its 4G coverage. Clearwire's open all-IP network, combined with significant spectrum holdings, provides an unprecedented combination of speed and mobility to deliver home and on-the-go broadband access. The company markets its 4G service through its own brand called CLEAR as well as through its wholesale relationships with Sprint, Comcast, Time Warner Cable and others.

4. Prior to December 2008, Clearwire provided Internet service via a network referred to as its "Expedience" network, and marketed its products via a mark that was simply its name: "CLEARWIRE." However, in late 2008, Clearwire launched its first 4G WIMAX broadband service as "CLEAR." Clearwire's CLEAR branded 4G WiMAX network was a significant change to what Clearwire had historically offered and gave customers the speed they needed to stream movies, play online games, video chat on the go and take full advantage of the power of the Internet from any location.

5. As part of it branding strategy, Clearwire has used the "CLEAR White C Mark," the "CLEAR Green C Mark," and a slightly enhanced version of its CLEAR Green C Mark (the "enhanced CLEAR Green C Mark") (collectively, the "CLEAR C Mark"), all described in detail in Clearwire's Opposition to SE's Motion for Preliminary Injunction (Doc. 11).

6. The CLEAR C Mark consists of the word "CLEAR" coupled with a 3D sphere and a stylized green "C."

7. The C on the CLEAR C Mark identifies "Clear" service or "Clearwire Communications."

8. Clearwire has used the CLEAR C Mark in major metropolitan markets throughout the United States, including New York, Las Vegas, Washington D.C., Los Angeles, and over 70 different markets. Clearwire's marketing campaign consists of billboards, TV ads, radio ads, in-store signs, Internet marketing and direct mail campaigns. In 2010, Clearwire spent over $200 million on its advertising campaign, featuring its CLEAR Green C Mark and the enhanced CLEAR Green C Mark.

9. The sphere portion of the CLEAR C Mark is not used by itself, rather in its appearance in Clearwire's marketing campaign and on the goods Clearwire sells, it is paired with the word "CLEAR."

10. The scope of Clearwire's advertising and marketing campaign means that millions of people have been exposed to the CLEAR C Mark.

11. In contrast to Clearwire, SE does not offer Internet service. Rather, SE is a manufacturer of mobile phones and related telephone accessories.

12. SE uses a ubiquitous cutaway/ orb-within-an-orb design without stylized lettering and registered with a different core in multiple colors of the rainbow (the "SE Sphere Mark").

13. SE's Sphere Mark is almost always accompanied by the company name, "Sony Ericsson."

14. The differences between the SE Sphere Mark and the CLEAR C Mark are such that it is totally unlikely that an appreciable number of ordinarily prudent purchasers could be misled, or indeed simply confused, as to the source of their respective services or products.

15. Despite the differences between Clearwire and SE, and the differences in their marks, SE has alleged that the marks are "confusingly similar" and that the CLEAR C Mark infringes on the SE Sphere Mark.

16. SE's allegations, including the filing of this action, have impacted Clearwire's future business plans and caused damage to Clearwire.

## COUNT I
(Declaratory Judgment, 28 U.S.C. § 2201)

17. The allegations of Paragraphs 1 through 16 above are incorporated by reference as if fully set forth herein.

18. Pursuant to 28 U.S.C. § 2201, an actual controversy of a justiciable nature exists between Clearwire, on the one hand, and SE on the other.

19. Clearwire is entitled to declaratory judgment establishing that Clearwire's CLEAR Green C Mark and the enhanced CLEAR Green C Mark are not likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Clearwire with SE, or as to the origin, sponsorship, or approval of Clearwire's goods, services, or commercial activities by SE.

## PRAYER FOR RELIEF

**WHEREFORE**, Clearwire demands judgment against SE:

a. dismissing the Amended Complaint with prejudice and denying each and every request for relief set forth therein;

b. awarding Clearwire the costs and disbursements of this action, including reasonable attorneys' fees;

c. on Clearwire's Counterclaim, awarding Clearwire a declaratory judgment establishing that Clearwire's CLEAR Green C Mark and the enhanced CLEAR Green C Mark

are not likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Clearwire with SE, or as to the origin, sponsorship, or approval of Clearwire's goods, services, or commercial activities by SE.

  d. granting Clearwire such other and further relief as the Court may deem just and equitable.

Respectfully submitted,

Dated: February 11, 2011  By: _____/s/_____
Daron T. Carreiro (VSB #74743)
PILLSBURY WINTHROP SHAW PITTMAN LLP
2300 N Street NW
Washington, D.C. 20037
Tel: (202) 663-8000
Fax: (202) 663-8007
Email: daron.carreiro@pillsburylaw.com

Mark D. Litvack (admitted *pro hac vice*)
Mariah L. Brandt (admitted *pro hac vice*)
PILLSBURY WINTHROP SHAW PITTMAN LLP
725 South Figueroa Street, Suite 2800
Los Angeles, CA  90017-5406
Tel: (213) 488-7100
Fax: (213) 226-4018
Email: mark.litvack@pillsburylaw.com
   mariah.brandt@pillsburylaw.com

*Counsel for Defendants Clearwire Corporation and Clearwire Communications LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of February 2011, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of filing (NEF) to the following:

>Roger Anthony Colaizzi
>Venable LLP
>575 7th St NW
>Washington, D.C. 20004-1601
>Tel:  (202) 344-4000
>Fax:  (202) 344-8300
>Email: racolaizzi@venable.com

And I hereby certify that I will mail the document by U.S. Mail to the following non-filing user:

>Christopher Scott Crook
>Venable LLP
>575 7th St NW
>Washington, D.C. 20004-1601
>Tel:  (202) 344-4000
>Fax:  (202) 344-8300
>Email: cscrook@venable.com

>             /s/
>Daron T. Carreiro (VSB #74743)
>PILLSBURY WINTHROP SHAW PITTMAN LLP
>2300 N Street NW
>Washington, D.C. 20037
>Tel: (202) 663-8000
>Fax:  (202) 663-8007
>Email: daron.carreiro@pillsburylaw.com
>*Counsel for Defendants Clearwire Corporation and Clearwire Communications LLC*