UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| SONY ERICSSON MOBILE COMMUNICATIONS AB, et al._____Plaintiffs and Counter-Defendants,_____v._____CLEARWIRE CORPORATION, et al._____Defendants and Counter-Plaintiffs. | Civil Action No.<br>1:11-cv-00048 (CMH)(TCB) |

**ANSWER & AFFIRMATIVE DEFENSES BY SONY ERICSSON MOBILE COMMUNICATIONS AB AND SONY ERICSSON MOBILE COMMUNICATIONS (USA) INC. TO COUNTERCLAIMS BY CLEARWIRE CORPORATION AND CLEARWIRE COMMUNICATIONS LLC**

Counter-Defendants Sony Ericsson Mobile Communications AB and Sony Ericsson Mobile Communications (USA) Inc. (collectively "Sony Ericsson," "Plaintiffs," or "Counter-Defendants"), by counsel, hereby provide their Answer and Affirmative Defenses to the Counterclaims alleged by Clearwire Corporation and Clearwire Communications LLC (collectively "Clearwire," "Defendants," or "Counter-Plaintiffs).

**ANSWER**

1. Admit.

2. Sony Ericsson admits that Clearwire provides its customers with mobile broadband Internet service and mobile broadband access devices. Sony Ericsson lacks sufficient knowledge to admit or deny the remainder of the allegations contained in Paragraph 2 of Clearwire's Counterclaims.

3. Sony Ericsson admits that Clearwire's 4G network is currently available in 70 metropolitan markets across the United States. Sony Ericsson admits that Clearwire uses the

"CLEAR" brand in its marketing activities. Sony Ericsson lacks sufficient knowledge to admit or deny the remainder of the allegations contained in Paragraph 3 of Clearwire's Counterclaims.

4. Sony Ericsson lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 4 of Clearwire's Counterclaims.

5. Sony Ericsson admits that Clearwire used and continues to use its Marks which are pictured in Clearwire's Opposition to Sony Ericsson's Motion for Preliminary Injunction (Doc. 11). Sony Ericsson specifically denies Clearwire's characterization of its Marks (i.e., "CLEAR White C Mark," "CLEAR Green C Mark," and enhanced CLEAR Green C Mark") contained in Paragraph 5 of its Counterclaims and/or in its Opposition to Sony Ericsson's Motion for Preliminary Injunction. To the extent the remainder of Paragraph 5 calls for a factual response, Sony Ericsson denies the same.

6. Deny.

7. Deny.

8. Sony Ericsson admits that Clearwire has used its Marks in major metropolitan areas in over 70 markets. Sony Ericsson further admits that Clearwire's marketing campaigns consist of billboards, television ads, radio ads, in-store signs, Internet marketing, and direct mail campaigns. Sony Ericsson lacks sufficient knowledge to admit or deny the remainder of the allegations contained in Paragraph 8 of the Clearwire's Counterclaims.

9. Deny.

10. Sony Ericsson lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 10 of Clearwire's Counterclaims.

11. Sony Ericsson admits that it is a manufacturer of smartphones and smartphone accessories. Sony Ericsson further admits that it does not offer Internet service to its customers.

To the extent the remainder of Paragraph 11 requires a factual response, Sony Ericsson denies the same.

12. Deny.

13. Deny.

14. Deny.

15. Sony Ericsson admits that Clearwire's Marks at issue in this litigation are confusingly similar to Sony Ericsson's Marks at issue in this litigation. To the extent that the remainder of Paragraph 15 requires a response, Sony Ericsson denies the same.

16. Deny.

### Sony Ericsson's Response to Counterclaim Count One

17. The responses contained in Paragraphs 1 through 16 above are incorporated by reference as if fully set forth herein.

18. Admit.

19. Deny.

### Sony Ericsson's Response to Prayer for Relief

Sony Ericsson denies that Clearwire is entitled to the relief sought, including Clearwire's demand for dismissal of Sony Ericsson's claims, an award of costs and reasonable attorneys' fees, and entry of a declaratory judgment.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

Clearwire's claims may be barred, in whole or in part, by the doctrine of unclean hands and/or Clearwire's intentional and willful infringement.

**Second Affirmative Defense**

Clearwire's claims may be barred, in whole or in part, because of Clearwire's admissions as set forth in the parties' December 2010 agreement and/or Clearwire's breach of the parties' December 2010 agreement.

**Third Affirmative Defense**

Clearwire's claims may be barred, in whole or in part, because Clearwire has failed to mitigate its damages and/or has failed to state a claim for attorney's fees and costs.

Sony Ericsson reserves the right to assert further defenses as may be revealed during discovery, including but not limited to defenses based upon after-acquired evidence.

WHEREFORE, Sony Ericsson demands judgment dismissing Clearwire's Counterclaims with prejudice and awarding such additional relief as this Court deems just and proper.

Respectfully submitted,

Dated: March 4, 2011

By: _____/s/_____
Roger A. Colaizzi, Va. Bar #32651
Damon W.D. Wright, Va. Bar #40319
Christopher Scott Crook, Va. Bar #76636
Venable LLP
575 7th Street, NW
Washington, DC 20004-1601
Telephone (202) 344-4000
Fax (202) 344-8300
Email: racolaizzi@venable.com
       dwdwright@venable.com
       cscrook@venable.com

*Attorneys for Sony Ericsson Mobile Communications AB and Sony Ericsson Mobile Communications (USA) Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of March 2011, a true and complete copy of the foregoing Answer and Affirmative Defenses was electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following counsel of record:

Daron Tate Carreiro
Pillsbury Winthrop
2300 N Street, NW
Washington, DC 20037
Phone: 202-663-9021
Fax: 202-663-8007
daron.carreiro@pillsburylaw.com

Respectfully submitted,

Date: March 4, 2011

_____/s/_____
Roger A. Colaizzi, Va. Bar #32651
Venable LLP
575 7th Street, NW
Washington, DC 20004-1601
Telephone (202) 344-4000
Fax (202) 344-8300
Email: racolaizzi@venable.com

*Attorney for Sony Ericsson Mobile Communications AB and Sony Ericsson Mobile Communications (USA) Inc.*